FILED
United States Court of Appeals
Tenth Circuit

July 18, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CORRY PURIFY,

      Defendant - Appellant.

No. 17-5012
(D.C. No. 4:13-CR-00028-JED-29)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, **McHUGH**, Circuit Judges.

In 2014, an indictment charged Defendant Corry Purify and more than fifty others with a drug conspiracy, among other offenses. A forfeiture notice in the indictment stated that any defendants convicted of the conspiracy would be required to forfeit a "sum of money in an amount of at least $10 million, representing the proceeds of the drug conspiracy, for which the defendants are jointly and severally liable." (R. at 174.) Defendant was arrested on August 19, 2014, and released on bond. Ten days later,

---

[*] Neither party has requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G.) The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

Defendant was arrested again. This time when he was arrested, local police seized $2,688 from Defendant's pockets.

Eventually, Defendant pled guilty to the drug conspiracy. As part of the plea agreement, Defendant "agree[d] to the entry of a criminal forfeiture money judgment pursuant to 21 U.S.C. § 853(a) in the amount of $10,000,000," which "represent[ed] proceeds of the drug conspiracy." (Suppl. R. at 5.) The plea agreement specified that Defendant would be "jointly and severally liable" for the forfeiture judgment. (*Id*.) Subsequently, Defendant was sentenced to 120 months' imprisonment, and the district court entered an order of forfeiture.

In January 2016, Defendant sought the release of the $2,688 seized during his second arrest. The government filed a motion for forfeiture of the $2,688 as a substitute asset under 21 U.S.C. § 853(p) to satisfy, in part, the $10 million money judgment. Defendant objected. He "admitt[ed] that he agreed to the entry of a criminal forfeiture money judgment in the amount of $10,000,000.00 representing proceeds of the drug conspiracy, which is jointly and severally liable between all of the defendants." (R. at 291.) But, he argued, the government had not established that the proceeds of the drug conspiracy were unavailable due to "an act or omission of the defendant." (R. at 291–95.) In response, the government posited that § 853(p) did not require a showing that the forfeitable property was unavailable due to *Defendant's* act or omission. Rather, it argued, "the doctrine of joint and several liability makes Defendant liable not only for the forfeiture of the proceeds of the conspiracy, no matter who obtained them, but also for the acts or omissions that resulted in the dissipation of those proceeds, no

matter which coconspirator caused them to be dissipated." (R. at 300.) The district court granted the motion for forfeiture of the $2,688 as a substitute asset, agreeing with the government that Defendant was liable for "the acts or omissions that resulted in the dissipation of those proceeds, no matter which coconspirator caused them to be dissipated." (R. at 305.) Defendant appealed.

After briefing in this appeal concluded, the Supreme Court decided *Honeycutt v. United States*, No. 16-142, 2017 WL 2407468 (U.S. June 5, 2017.) The question addressed by *Honeycutt* was "whether, under § 853, a defendant may be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." *Honeycutt v. United States*, 137 S. Ct. 1626, 1630 (2017). The answer was no. *See id.* "[S]uch liability," the Court held, "is inconsistent with the statute's text and structure." *Id.* It went on: "Congress did not authorize the Government to confiscate substitute property [under § 853(p)] from other defendants or co-conspirators; it authorized the Government to confiscate assets *only from the defendant* who initially acquired the property *and who bears responsibility for its dissipation*." *Id.* at 1634 (emphasis added).

In its brief filed before *Honeycutt* was decided, and citing pre-*Honeycutt*, out-of-circuit precedent, the government asserted: "a defendant is also vicariously liable for the acts or omissions of her co-defendants *in causing the proceeds of the conspiracy to be dissipated, commingled, or transferred*, and thus to be unavailable for forfeiture." (Appellee's Br. at 27 (emphasis in original).) Whether or not that *was* an accurate statement of the law, it is certainly not today. The government now posits that "there is

- 3 -

an alternative ground for the district court's" conclusion.  (Appellee's Rule 28(j) letter at 2.)  It points to the part of the plea agreement where Defendant admitted to have "sold smaller quantities of drugs that [he] obtained from co-conspirators" and argues that "it was reasonable for the district court to find that the defendant personally obtained *at least* $2,688 in drug proceeds" and that the government's "failure to locate that money . . . was due to Defendant's personal act or omission."  (*Id.* (emphasis omitted).)  But the district court made no relevant factual findings.  And so, we must **REVERSE** and **REMAND** for further proceedings in light of *Honeycutt*.

Entered for the Court


Monroe G. McKay
Circuit Judge